UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRENDA C. PHILLIPS,

        Plaintiff,

    v.                                    23-CV-142-LJV
                                                 DECISION & ORDER

UNITED STATES SOCIAL SECURITY
ADMINISTRATION, *et al.*,

        Defendants.

---

      Earlier this year, the *pro se* plaintiff, Brenda C. Phillips, commenced this action in Jamestown City Court, Small Claim Part.  *See* Docket Item 1 at 1, 8-9.  She alleges that the United States Social Security Administraiton ("SSA") and its Commissioner denied her Medicare benefits to which she was entitled, and she seeks a retroactive reward of those benefits.  Docket Item 2.  On February 14, 2023, the defendants removed the action to this Court under 28 U.S.C. § 1346(a)(2).  Docket Item 1.  A few months later, Phillips amended her complaint.  Docket Item 2.

      On May 3, 2023, the defendants moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Docket Item 5.  After Phillips did not respond to that motion, *see* Docket Item 8, this Court ordered her to show cause why it should not decide the motion to dismiss based on only the defendants' submissions, Docket Item 9.  Phillips did not respond to that order and the deadline to respond has passed, so the Court now decides the motion on the papers before it.

      For the reasons that follow, the defendants' motion to dismiss will be granted unless Phillips files an amended complaint correcting the deficiencies explained below.

**BACKGROUND**[1]

On March 3, 2022, Phillips received a letter from the SSA stating that her "benefits for Medicare Parts A [and] B would begin in April 2022," the month Phillips would turn 65 and become eligible for Medicare.  Docket Item 2 at 3-4.  On November 3, 2022, Phillips received another letter from the SSA "reaffirm[ing]" her "Medicare . . . Parts A [and] B coverage" and informing her that "the monthly premium amount was $170.10."  *Id.* at 4-5.  Phillips "never received any communication stating that [she] was not eligible for Medicare Parts A [and] B."  *Id.* at 5.

But when Phillips made "various trips to medical providers" after the date her Medicare coverage was supposed to begin, the providers told her that she "was not covered by Medicare Part[s] A [and] B."  *Id.*  Phillips therefore contacted the SSA in September 2022 "and complained . . . that [she] was not being covered by Medicare Parts A [and] B."  *Id.*  Then, on March 18, 2023, Phillips "received a letter from 'Medicare Presc[r]iption Drug Plans' (Cigna) stating that [she] no longer ha[d] Medicare Parts A [and] B" and that her "membership in Cigna Pres[c]ription Drug Plans [had] ended."  *Id.*

The defendants' filings shed some additional light on Phillips's history of Social Security benefits.  *See generally* Docket Items 6, 6-1.  According to those filings, "[i]n or

---

[1] On a Rule 12(b)(6) motion to dismiss, the court "accept[s] all factual allegations as true and draw[s] all reasonable inferences in favor of the plaintiff."  *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016).  But "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The following facts therefore are taken from the amended complaint, Docket Item 2, and the parties' other filings.

2

about September 2012, [Phillips] was awarded Social Security benefits for a qualifying disability." Docket Item 6 at ¶ 2. Then, "[i]n or about November 2018, [Phillips] was awarded Social Security benefits as an eligible surviving spouse." *Id.* And "[i]n or about April 2022, [Phillips] became entitled to Medicare Parts A and B benefits" when she turned 65. *Id.*

A few months later, the SSA sent Phillips a notice "informing her that her Medicare Part B benefits would terminate due to the non-payment of her premiums." *Id.* But "[o]n or about March 21, 2023, [the] SSA determined that Medicare Part B premiums were being deducted from [Phillips's] surviving spouse's benefits." *Id.* "As such, [the] SSA updated its internal systems to reflect that [Phillips's] Medicare Parts A and B benefits were effective (without any lapse) since April 2022." *Id.* Phillips "was sent notice of th[at] action on April 24, 2023." *Id.*; *see* Docket Item 6-1 (the notice dated April 24, 2023). But by then, she already had commenced this action.

## LEGAL PRINCIPLES

### I.     MOOTNESS

"Article III of the United States Constitution provides that the judicial power of the United States extends to certain 'cases' and 'controversies.'" *Stagg, P.C. v. U.S. Dep't of State*, 983 F.3d 589, 601 (2d Cir. 2020). The "uncontroverted core" of Article III's cases-and-controversies limitation is "the principle that, at all times, the dispute before the court must be real and live, not feigned, academic, or conjectural." *Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001). So "[w]hen the issues in dispute between the parties are no longer 'live,' a case becomes moot and the court . . . loses jurisdiction over the suit, which therefore must be

3

dismissed." *Lillbask v. Conn. Dep't of Educ.*, 397 F.3d 77, 84 (2d Cir. 2005) (internal citations and quotation marks omitted).

"The proper vehicle for . . . asserting mootness is [] a Rule 12(b)(1) motion to dismiss" for lack of subject matter jurisdiction. *McKay v. New York*, 2018 WL 1046792, at *2 (W.D.N.Y. Feb. 26, 2018) (citing *All. for Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 n.6 (2d Cir. 2006)). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113 (citation omitted).

## II.     FAILURE TO STATE A CLAIM

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## **DISCUSSION**

The defendants have moved to dismiss Phillips's complaint on the grounds that (1) Phillips's claim "has been rendered moot" and (2) Phillips "has failed to exhaust her

4

administrative remedies."  Docket Item 7 at 1.  The Court addresses each of those arguments in turn.

I.  **MOOTNESS**

The defendants contend that Phillips's claim for retroactive benefits is moot because in April 2023, the SSA notified Phillips that her "Medicare Parts A and B benefits were effective (without any lapse) since April 2022."  Docket Item 7 at 7.  Indeed, the April 2023 notice confirms that Phillips was to be paid $1,459.00 for "the money [she was] due through April 2023" and that after that, she "will receive $1,459.00 on or about the third of each month."  Docket Item 6-1.  It seems that Phillips was denied benefits due to a bookkeeping error and that the SSA now has resolved that error.  See Docket Item 6.

"In a social security action seeking payment of benefits, the actual payment of those benefits generally moots the action."  *Maloney v. Soc. Sec. Admin.*, 2006 WL 1720399, at *6 (E.D.N.Y. June 19, 2006) (citation omitted).  That appears to be the case here:  The defendants have provided evidence that Phillips has received the benefits to which she was entitled, *see* Docket Items 6, 6-1, and Phillips has not responded with any argument to the contrary.  As such, there does not appear to be any controversy between the parties for this Court to adjudicate.

Phillips's claim therefore is subject to dismissal because it is moot.  Nevertheless, in light of her *pro se* status, Phillips may amend her complaint to allege facts establishing that her claim for relief is not moot.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss [a *pro se* complaint] without

5

granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (citation omitted)).

## II.     FAILURE TO EXHAUST

"The United States, as sovereign, 'is immune from suit save as it consents to be sued.'" *Eichie v. Kuakazi*, 2023 WL 1438327, at *3 (S.D.N.Y. Feb. 1, 2023) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). As a federal agency, the SSA is "protected by sovereign immunity, except when waived." *Id.* "Congress waived sovereign immunity in social security cases in limited circumstances, and over limited types of agency decisions." *Id.* (citing 42 U.S.C. § 405(g), (h)).

Under 42 U.S.C. § 405(g), "an individual must obtain a final decision of the Commissioner of Social Security . . . before a district court can review a Social Security benefits determination." *Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011) (summary order) (internal quotation marks omitted); *see* 42 U.S.C. § 405(g). "The requirement of a 'final decision' has two components: (1) a jurisdictional, non-waivable requirement that a claim for benefits has been presented to the agency, and (2) a waivable requirement that the administrative remedies prescribed by the Commissioner have been exhausted." *Escalera*, 457 F. App'x at 5 (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

To satisfy the second component, a plaintiff must undergo "a four-step administrative process" involving "(1) an agency initial determination; (2) reconsideration; (3) hearing before an [Administrative Law Judge]; and (4) Appeals Council review." *Eichie*, 2023 WL 1438327, at *5 (citations omitted). But "[t]he

6

exhaustion requirement may be waived when: (1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would have been futile; and (3) a plaintiff would suffer irreparable harm if required to exhaust administrative remedies." *Colon v. Comm'r of Soc. Sec.*, 2022 WL 1137107, at *5 (E.D.N.Y. Apr. 1, 2022) (citation and internal quotation marks omitted).  "The exhaustion requirement may also be waived when a plaintiff raises a colorable constitutional claim." *Id.* (citation omitted).

The defendants argue that Phillips "failed to exhaust her administrative remedies" and "has not presented facts to suggest that [the exhaustion requirement] should be waived."  Docket Item 7 at 7.  Indeed, Phillips does not allege that she sought reconsideration of the SSA's initial termination of her coverage as required to exhaust her remedies.  *See generally* Docket Item 2.  Nor does she "plead any facts that would support the Court's waiver of the administrative process."  *See Colon*, 2022 WL 1137107, at *5.  For example, she does not allege that "the exhaustion of remedies would have been futile," that she "would suffer irreparable harm if required to exhaust administrative remedies," or that her claim has a constitutional basis.  *See id.*; Docket Item 2.

Phillips's claim therefore is subject to dismissal for failure to exhaust her administrative remedies.  But again, in light of her *pro se* status, Phillips may amend her complaint to show that she exhausted her administrative remedies or that the exhaustion requirement should be waived.

## CONCLUSION

For the reasons stated above, Phillips's claim is subject to dismissal.  But in light of her *pro se* status, Phillips may amend her complaint **within 30 days of the date of**

7

**this order** to allege facts establishing (1) that her claim for relief is not moot and (2) that she exhausted her administrative remedies or is entitled to a waiver of the exhaustion requirement.

Phillips is advised that an amended complaint is intended to **completely replace** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Therefore, any amended complaint must include all allegations against each defendant.

If Phillips does not amend her complaint within 30 days of the date of this order, the defendants' motion to dismiss, Docket Item 5, will be granted and the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   October 10, 2023
             Buffalo, New York

                                               */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE